Entered: December 20th, 2019
Signed: December 19th, 2019

## SO ORDERED

No opposition filed.



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| BICKEL, ANNE KATHLEEN | * | CASE NO. 18-26485-MMH |
| | * | |
| Debtor | * | (Chapter 7) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER GRANTING TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTRERESTS PURSUANT TO 11 U.S.C. §§ 363(b), (f) and (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF INCLUDING PAYMENT OF THE EXPENSES OF THE SALE**

1146 Annis Squam Harbour, Pasadena, Maryland 21122 (the "Property")

Upon consideration of the application of George W. Liebmann, Trustee, for the Court to consider the **CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTRERESTS PURSUANT TO 11 U.S.C. §§ 363(b), (f) and (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF** filed by the duly appointed Chapter 7 Trustee, George W. Liebmann (the "Trustee").

For the reasons set forth in the motion, and after being fully advised as to the details regarding the proposed sale of the subject Property, it is hereby:

**ORDERED** as follows:

1.      The notice of the Motion is approved as proper and adequate under the circumstances.

2.      The Motion is GRANTED.

The Trustee is authorized to sell the Property located at 1146 Annis Squam Harbour, Pasadena, Maryland 21122 for $175,000.00 plus a buyer's premium of $6,000.00 for a total of $181,000.00, conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

3.      The "Real Property" is legally described as:

BEING KNOWN AND DESIGNATED AS LOT NO, 73, PLAT 4, ELIZABETH'S LANDING, WHICH PLAT IS RECORDED AMONG THE LAND RECORDS OF ANNE ARUNDEL COUNTY, MARYLAND IN PLAT BOOK NO. 73, FOLIO 29.

4.      The Trustee is authorized to pay the secured mortgage lender, (also known as "Secured Creditor") the full amount of its lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

5.      The Trustee is authorized to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to the Buyers pursuant to the subject Purchase and Sale Agreement.

6.      Pursuant to 11 U.S.C. §363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyers all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

      a)      Anne Kathleen Bickel (Debtor)

      b)      Mr. Cooper (First Mortgage Lienholder)

7.      This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8.      The Buyers have not assumed any liabilities of the Debtor.

9.      Authorized Disbursements at Closing:  The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements from the seller's side of the transaction on or after the closing of the sale as are required by the purchase

agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the Property included among the purchased assets; (b) the amount of homeowners association, neighborhood association and property management services which are a lien or charge on the Property, and (c) other anticipated closing costs and costs of sale (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 2% to Maryland REO Realty, LLC | $3,500.00 |
| 2% to REMAX Allegiance | $3,500.00 |
| 2% to BK Global Real Estate Services | $3,500.00 |
| Buyer's Premium to Trustee for the Bankruptcy Estate | $6,000.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor and applicable homeowners association(s) and the Trustee is authorized to pay necessary per diem alterations for disbursements that are subject to a per diem calculation. Further, as part of the closing process, the closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to make disbursements to the bankruptcy estate of the debtor(s) as provided in paragraph 14 of this Order.

10.     Except as otherwise provided in the Motion, the Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

11.     Buyers are approved as buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyers shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

12.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Property.

13.     The purchase and sale agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

14.     The Court specifically determines that property of the bankruptcy estate as defined in 11 U.S.C. §541 includes all funds remaining after authorized closing disbursements are made ("Remaining Funds").  The closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to remit to the Trustee such Remaining Funds as part of the closing process.

cc:

Office of the U.S. Trustee
Garmatz Federal Courthouse
101 W. Lombard St., Rm. 2625
Baltimore, MD 21201

George W. Liebmann
George W. Liebmann, P.A.
700 North Charles Street, Unit 6D
Baltimore, MD 21201

David L. Ruben, Esq.
Law Office of David Ruben
7310 Ritchie Highway, Suite 704
Glen Burnie, MD 21061

Brittany Marie Taylor, Esq.
RAS Crane, LLC
10700 Abbott's Bridge Road
Suite 170
Duluth, GA 30097

Anne Kathleen Bickel
1325 A Donald Avenue
Severn, MD 21144

Patrick Butler
BK Global Real Estate Services
1095 Broken Sound Parkway, NW
Suite 200
Boca Raton, FL 33487

Gladwin D'Costa
BK Global Real Estate/ Maryland REO Real
13978 Baltimore Ave
N.W. Suite 100
Laurel, MD 20707

Harris M. Weingrad
REMAX Allegiance
1720 Wisconsin Ave NW
Washington, DC 20007

**END OF ORDER**